## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

BETTY BOWMAN
ADC #707881                                                                                              PLAINTIFF

V.                              NO: 1:06CV00039 WRW/HDY

MAGGIE CAPLES *et al.*                                                                         DEFENDANTS

## FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge (if such a hearing is granted) was not offered at the
     hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at McPherson Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on August 16, 2006.

### I.  Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would

entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's Claims

According to Plaintiff's complaint, she went before Defendant Maggie Caples "and other staff members" for a classification determination.  At that time, Caples allegedly spoke to Plaintiff in a rude and disrespectful way, called her a "thug," and threatened to lock her up.  Plaintiff asserts that Caples is discriminating against her, and retaliating against her for her manslaughter conviction.  For relief, Plaintiff seeks a lie detector test for Caples, and to be compensated for alleged slander, discrimination, and humiliation.  For the reasons set forth below, Plaintiff's complaint should be dismissed.

## III.  Analysis

Plaintiff's primary allegation is that Defendant Caples made unprofessional comments, called her a name, and threatened to lock her up.  However, the Eighth Circuit Court of Appeals has determined in similar circumstances that such facts do not state a claim for relief.  *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(verbal threats not generally actionable); *Martin* at 1338 (8th Cir.1985)(name calling not a constitutional violation).  Additionally, to the extent that Plaintiff is trying to state an equal protection claim, she has failed to present evidence that she was

treated differently than a similarly situated inmate, or that any difference in treatment was motivated by her membership in a protected class or that it burdened a fundamental right. *See Weiler v. Purkett*, 137 F.3d 1047, 1051-52 (8th Cir.1998) (en banc) (elements of equal protection claim).

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint (docket entry #2) be DISMISSED WITH PREJUDICE.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this ___25___ day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE